IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL J. FOSLER<br>2800 Lakeside Pkwy #1004<br>Flower Mound, Texas  75022<br><br>          Plaintiff,<br><br>          v.<br><br>BABCOCK & WILCOX NEW ENERGY HOLDINGS, LLC<br>c/o United Agent Group Inc.<br>1521 Concord Pike, Suite 201<br>Wilmington, Delaware  19803<br><br>and<br><br>THE BABCOCK & WILCOX COMPANY<br>c/o United Agent Group Inc.<br>119 E. Court Street<br>Cincinnati, Ohio  45202,<br><br>          Defendants. | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Paul J. Fosler ("Fosler"), by and through his attorneys and for his Complaint against Defendants Babcock & Wilcox New Energy Holdings, LLC ("BWNEH") and The Babcock & Wilcox Company ("B&W") (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. This action is to enforce a settlement agreement under which Defendants indisputably owe Fosler approximately $10 million, yet are wrongfully refusing to make any payment.

2. In 2021, BWNEH acquired 60% of Fosler's construction company, while Fosler retained the remaining 40% and continued to serve as the company's President and CEO.

However, Fosler and BWNEH quickly discovered unreconcilable differences that rendered their relationship unsalvageable. To resolve their disputes, the parties entered into a settlement agreement, which involved ███████████████████████████████████ ██████████████████████ and selling to BWNEH his remaining 40% ownership of the company.

3. BWNEH negotiated to pay the sums owed to Fosler in installment payments. Consequently, Fosler demanded and received a complete guaranty from B&W ensuring BWNEH's performance of the settlement terms.

4. The final installment payment of $9,715,851.50 was due January 16, 2024. Despite being unambiguously bound to make that payment, Defendants failed to do so. Indeed, as of the filing of this Complaint, no payment has been made despite Fosler's repeated demands.

5. Defendants have never contended that they do not owe this amount to Fosler under the parties' settlement agreement or that Fosler has breached the settlement agreement in any manner. To the contrary, financial records publicly filed by Defendants' publicly traded parent unequivocally provide that Defendants have already accounted for these unpaid and overdue amounts.

6. Fosler now respectfully requests that the Court enforce the terms of the parties' settlement and enter judgment for Fosler for the full amount owed, interest, and all other relief the Court deems warranted.

## PARTIES

7. Plaintiff Fosler is an individual who resides in Flower Mound, Texas.

8. Defendant BWNEH is a Delaware limited liability company and, upon information and belief, has its headquarters and principal place of business in Akron, Ohio. Upon information

and belief, its sole member is Babcock & Wilcox Enterprises Inc., a publicly traded company incorporated in Delaware ("B&W Enterprises"), which has its global headquarters in Akron, Ohio. BWNEH may be served by serving process on its registered agent, United Agent Group Inc., 1521 Concord Pike, Suite 201, Wilmington, Delaware 19803.

9. Defendant B&W is a Delaware corporation with its headquarters and principal place of business in Akron, Ohio. Upon information and belief, it is the operating arm of B&W Enterprises and is wholly owned by B&W Enterprises. B&W may be served by serving process on its registered agent, United Agent Group Inc., 119 E. Court Street, Cincinnati, Ohio 45202.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties have diverse citizenship and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendants because Defendants consented to personal jurisdiction in this Court pursuant to the terms of the parties' settlement and guaranty agreements at issue in this action. Additionally, BWNEH's sole member is at home in Ohio, and B&W's principal place of business is in Ohio.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this District. In addition, the parties' settlement and guaranty agreements at issue in this action provide that venue is proper in this Court.

## FACTUAL BACKGROUND

### A. Fosler Sells 60% of His Company to Defendants While Retaining a 40% Interest and Continuing to Serve as CEO.

13. Fosler founded Fosler Construction Company, Inc. ("Fosler Construction") in 1998. He spent the next two decades growing the company into a premier engineering,

3

procurement, and construction company focused on the construction of renewable energy solar projects. As of 2021, Fosler Construction employed 120 people.

14. In 2021, B&W Enterprises expressed interest in acquiring Fosler Construction to expand B&W's renewable energy and solar capabilities.

15. Following months of due diligence and negotiations, on September 10, 2021, pursuant to a Share Purchase Agreement (the "SPA"), B&W, through BWNEH, purchased 60% of the outstanding shares of Fosler Construction for $30 million. Fosler retained ownership of the remaining 40%.

16. Pursuant to an Employment Agreement executed concurrently with the sale, Fosler also remained the President and CEO of Fosler Construction, which was rebranded as Fosler Solar, a Babcock & Wilcox company.[1] In addition, Fosler became the Chair of the Board of Directors for Fosler Solar.

17. On September 30, 2021, Fosler and BWNEH also executed a Shareholder Agreement that set forth their respective rights and obligations in connection with their investment in Fosler Solar.

B. **The Parties Reach a Settlement After Disputes Arise Between the Parties.**

18. Several months after the sale, the relationship between Fosler and B&W began to fracture, and several disputes arose under the SPA, Fosler's Employment Agreement, and the Shareholder Agreement.

19. Following negotiations, in September 2022, the parties reached a settlement of their disputes that entitled Fosler to payments totaling approximately ▮▮▮▮▮▮

---

[1] The company retained the official name Fosler Construction Company, Inc. "Fosler Solar" is used herein to reference the company post-transaction.

20. Specifically, Fosler and Fosler Solar entered into an Employment Settlement Agreement that required ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████ That payment has been made and is not the subject of the present action.

21. As pertinent to the present action, Fosler and BWNEH also executed a Settlement and Share Transfer Agreement (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1 and incorporated by reference.[2]

22. Under the Settlement Agreement, BWNEH agreed to pay Fosler approximately ██

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ and the transfer of his remaining shares in Fosler Solar. (Ex 1, Settlement Agreement, §§ 5, 8, 9.)

23. Pursuant to the terms of the Settlement Agreement, BWNEH promised to pay the sums owed in three installment payments. In particular, the Settlement Agreement required BWNEH to make payments in accordance with the following schedule:

      A.      $3 million on January 16, 2023;

      B.      $5 million on June 30, 2023; and

      C.      $4,715,851.50 on January 15, 2024.

(*Id.* § 5.)

24. The Settlement Agreement also required that any action to enforce the agreement "be filed in the appropriate state court in Summit County, Ohio or the U.S. District Court for the

---

[2] In compliance with the terms of the Settlement Agreement, Fosler has moved to file it under seal.

Northern District of Ohio, and the Parties consent to the personal jurisdiction of these courts." (*Id.* § 21.)

25. In its Form 10-K for 2022, B&W Enterprises confirmed that it had "acquired the remaining 40% ownership stake in [Fosler Solar] for $12.7 million." Further, B&W Enterprises announced, in accordance with the terms of the parties' Settlement Agreement, that it would "make payments of $3.0 million, $5.0 million, and $4.7 million on January 16, 2023, June 30, 2023, and January 15, 2024, respectively."

26. In conjunction with the Settlement Agreement, B&W also executed a Guaranty. A true and correct copy of the Guaranty is attached hereto as Exhibit 3 and incorporated by reference.

27. In the Guaranty, B&W guaranteed the complete and timely performance of BWNEH's obligations under the Settlement Agreement. In the event of any breach, B&W promised "to perform or take whatever steps may be necessary to procure performance of the obligations of BWNEH under and in accordance with the [Settlement Agreement]." (Ex. 3, Guaranty, § 1(a).)

28. The Guaranty also required that any action to enforce the Guaranty "be filed in the appropriate state court in Summit County, Ohio or the U.S. District Court for the Northern District of Ohio, and the Parties consent to the personal jurisdiction of these courts." (*Id.* § 7.)

**C.  Defendants Breach the Settlement Agreement and Guaranty by Failing to Pay the Amounts Owed.**

29. Following Fosler's full performance of his obligations under the Settlement Agreement, BWNEH failed to timely pay the first installment of $3 million due on January 16, 2023. Following additional negotiations, however, the parties reached an agreement to resolve their dispute over the first installment payment, which is not at issue in the present action.

30. Several months later, BWNEH breached the Settlement Agreement again by failing to timely pay the second installment of $5 million due on June 30, 2023.

31. After Fosler notified BWNEH of its breach, the parties executed an Amendment to Settlement Agreement (the "Amendment"). A true and correct copy of the Amendment is attached hereto as Exhibit 2 and incorporated by reference.

32. Under the Amendment, the parties ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See* Ex. 2, Amendment, § 3(a).)

33. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* § 3(b).) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*)

34. Thus, the Settlement Agreement, as amended, required BWNEH to make a final installment payment totaling $9,715,851.50, as well a final interest payment of $12,328.77, on January 15, 2024.

35. Concurrently with the Amendment, B&W and Fosler also executed an Amendment to Guaranty (a true and correct copy of which is attached hereto as Exhibit 4 and incorporated by reference), which clarified that B&W's Guaranty of BWNEH's obligations under the Settlement Agreement extended to any amendments as well. (*See* Ex. 4, Amendment to Guaranty, § 2.)

36. Shortly before the deadline for BWNEH's final payment, BWNEH inquired as to whether Fosler would agree to another extension of the payment date. Given BWNEH's previous late payments and delays, however, Fosler was not willing to enter into another extension without additional modifications to the Settlement Agreement.

7

37. BWNEH never responded, and instead, BWNEH failed to timely make the final installment payment of $9,715,851.50 or the final interest payment by January 16, 2024, as required under the Settlement Agreement.[3] As of the date of this Complaint, despite Fosler's demands for payment he is indisputably entitled to receive under the Settlement Agreement, BWNEH continues to wrongfully withhold the approximately $10 million owed.

38. Despite Fosler's demands and notice, to date B&W has also breached its obligations under the Guaranty to ensure timely and complete performance of all of BWNEH's obligations under the Settlement Agreement.

## COUNT ONE
### (Breach of Contract)

39. Fosler incorporates by reference the statements and allegations previously set forth in his Complaint as if fully rewritten herein.

40. The Settlement Agreement, as amended by the Amendment, is a valid and binding contract.

41. Fosler performed all of his obligations under the Settlement Agreement.

42. The Settlement Agreement required BWNEH to make a final installment payment of $9,715,851.50 and a final interest payment of $12,328.77 by January 16, 2024. (Ex. 1, Settlement Agreement, § 5; Ex. 2, Amendment, § 3.)

43. BWNEH breached the Settlement Agreement by failing to timely pay these amounts when due as agreed.

44. Fosler has suffered and will suffer substantial monetary damages as a direct and proximate result of BWNEH's breaches, as outlined above. BWNEH's breaches of the Settlement

---

[3] Because January 15, 2024 fell on a federal holiday, the Settlement Agreement provided payment must be made by January 16, 2024.

8

Agreement directly and proximately caused Fosler $9,728,180.27 in damages, which remains unpaid and due.

## COUNT TWO
## (Breach of Guaranty)

45. Fosler incorporates by reference the statements and allegations previously set forth in his Complaint as if fully rewritten herein.

46. The Guaranty, as amended by the Amendment to Guaranty, is a valid and binding contract.

47. Fosler performed all of his obligations under the Guaranty and/or the Settlement Agreement underlying the Guaranty.

48. Before filing, Fosler provided notice to B&W of its obligation to perform where BWNEH had breached.

49. Pursuant to the terms of the Guaranty, B&W "irrevocably and unconditionally guarantee[d] the full, complete, punctual, true and faithful performance and observance by BWNEH of any and all of its obligations under or in accordance with the [Settlement Agreement]." (Ex. 3, Guaranty, § 1(a).) Further, in the event of any breach by BWNEH of the Settlement Agreement, B&W promised "to perform or take whatever steps may be necessary to procure performance of the obligations of BWNEH under and in accordance with the [Settlement Agreement]." (*Id.*)

50. As set forth above, BWNEH breached the Settlement Agreement by failing to pay a total of $9,728,180.27.

51. As guarantor, B&W is liable for BWNEH's breaches of the Settlement Agreement and required to either itself perform or procure the performance of BWNEH under the Settlement Agreement.

9

52. B&W breached the Guaranty by failing to ensure timely and complete performance of BWNEH's obligations under the Settlement Agreement.

53. Fosler has suffered and will suffer substantial monetary damages as a direct and proximate result of B&W's breaches, as outlined above. B&W's breaches of the Guaranty directly and proximately caused Fosler $9,728,180.27 in damages, which remains unpaid and due.

WHEREFORE, Fosler respectfully requests that this Court enter Judgment against BWNEH and B&W in favor of Fosler on Fosler's claims for relief set forth above as follows:

A. $9,728,180.27 due under the Settlement Agreement and Guaranty;

B. Prejudgment interest, post-judgment interest, the costs of this action, and reasonable attorneys' fees; and

C. Such other and further relief in law or equity to which Fosler may be entitled.

Respectfully submitted,

/s/ Trevor G. Covey
Trevor G. Covey (0085323)
Nathan H. Boninger (0097100)
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
tcovey@beneschlaw.com
nboninger@beneschlaw.com

*Attorneys for Plaintiff Paul J. Fosler*

## DEMAND FOR JURY TRIAL

Fosler hereby demands a trial by jury, with the maximum number of jurors permitted by law, on all claims and issues so triable.

> */s/ Trevor G. Covey*
> Trevor G. Covey (0085323)
>
> *Attorney for Plaintiff Paul J. Fosler*