# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PAUL J. FOSLER, | ) | CASE NO. 5:24-cv-114 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| BABCOCK & WILCOX NEW ENERGY HOLDING, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Presently before the Court is the motion of plaintiff Paul J. Fosler ("Fosler") for leave to file unredacted portions of its complaint and the attached exhibits under seal (Doc. No. 2) and the motion of defendants Babcock & Wilcox New Energy Holdings, LLC, and Babcock & Wilcox Company (collectively, "defendants") for leave to file unredacted portions of their answer and attachments under seal. (Doc. No. 12.) For the reasons set forth herein, these motions are DENIED. The parties are instructed to file unredacted versions of their complaint and answer, along with accompanying attachments, by April 18, 2024.

"The courts have long recognized [] a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown v. Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The party seeking to file documents under seal bears a heavy burden. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Even where this standard is met, the requested seal must be narrowly tailored. "The proponent of sealing therefore must 'analyze in detail, document by document, the

propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

The motions made by the parties in this case do not meet this heavy burden. Fosler filed his complaint on January 19, 2024. (Doc. No. 1.) Portions of the complaint discussing the terms of a settlement and share transfer agreement (the "agreement") between the parties were redacted, as were the agreement itself and an amendment to the agreement, which were both attached to the complaint. (Doc. No. 2, at 1.[1]) In his motion for leave to file under seal, Fosler explained that that the agreement contained confidentiality provisions restricting its public disclosure. (*Id.*) But a "confidentiality agreement between the parties does not bind the court in any way." *Brown*, 710 F.2d at 1180. The existence of a confidentiality agreement does not amount to a compelling reason to file under seal. *Student Res. Ctr. v. E. Gateway Cmty. Coll.*, No. 2:22-cv-2653, 2022 WL 3417586, at *1 (S.D. Ohio July 5, 2022) (collecting cases).

Moreover, Fosler expressly did not take a position on whether his motion to seal complies with the standard set out in *Shane Group*. (Doc. No. 2, at 1 n.1.) He instead moved for leave to file under seal "out of an abundance of caution." (*Id.*) The only reference made to *Shane Group* is in a footnote where Fosler explains that he takes no position on whether his motion complies with its standard. (*Id.*) This "explanation" hardly meets the heavy burden for filing documents under seal—it does not even address it—and it certainly does not provide a "document by document" analysis as required by *Shane Group*. 825 F.3d at 305–306. Given the lack of legal reasoning, tailoring, and information provided, Fosler's motion for leave to file under seal is denied.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

The defendants' motion for leave to file under seal suffers from many of the same flaws. The defendants filed their answer on March 5, 2024. (Doc. No. 13.) Like the plaintiff, the defendants redacted portions of their answer discussing the agreement between the parties. (*See id.*) The defendants also attached a complaint filed in the Superior Court for the State of Delaware, which was completely redacted. (*See* Doc. No. 10-1.) The defendants again explained that the agreement between the parties was signed subject to confidentiality provisions. (Doc. No. 12, at 1.) They also informed the Court that the Delaware case is currently sealed. (*Id.*)

As explained above, a confidentiality agreement between litigants, by itself, is insufficient to warrant the sealing of court records. The defendants do not cite any legal authority in their motion. Nor do they argue for the propriety of sealing the requested documents under the standard articulated in *Shane Group*. The defendants move to file the entire Delaware complaint under seal but do not offer any description of its content or explain their reasons for sealing the entire complaint, as opposed to a narrower redaction. (*Id.*) Given its lack of details or legal reasoning, the defendants motion to seal does not meet the heavy burden required to overcome the presumption in favor of open public records. *Shane Grp.*, 825 F.3d at 305–306.

Accordingly, the motions for leave to file under seal made by Fosler (Doc. No. 2) and the defendants (Doc. No. 12) are DENIED. The Court orders the parties to file unredacted versions of the complaint, answer, and their attachments by April 18, 2024.

**IT IS SO ORDERED**.

Dated: April 8, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**